1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JASON MENCY,                              No. CIV S-06-2379-FCD-CMK-P

12                 Plaintiff,

13          vs.                                 FINDINGS AND RECOMMENDATIONS

14    V. DUC, et al.,

15                 Defendants.

16    _____/

17                 Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 19).

19    Plaintiff has filed an opposition (Doc. 20).

20

21                    **I.  STANDARDS FOR MOTION TO DISMISS**

22                 A motion to dismiss for failure to state a claim should not be granted unless it

23    appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that

24    would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

25    Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners

26    Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this

standard, the court must accept all allegations of material fact as true.  See Erickson v. Pardus, 127 S.Ct. 2197 (June 4, 2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 2007 WL 1461066, slip op. at *8 (2007).  Allegations of specific facts are not necessary so long as the statement of facts gives the defendant fair notice of what the claim is and the grounds upon which it rests.  See Erickson, 127 S.Ct. at 2197.

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

/ / /

/ / /

1    Under these standards, a statute of limitations defense may be raised in a motion

2   to dismiss.  Leave to amend a deficient complaint must be granted ". . . [u]nless it is absolutely

3   clear that no amendment can cure the defects."  Lucas v. Dep't of Corrections, 66 F.3d 245, 248

4   (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en

5   banc).

6    A motion to dismiss for lack of exhaustion of administrative remedies is properly

7   the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt

8   v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to

9   exhaust non-judicial remedies, the court may look beyond the pleading and decide disputed

10  issues of fact."  Id. at 1119-20.  If the court concludes that administrative remedies have not been

11  exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120; see

12  also Jones v. Bock, 127 S.Ct. 910 (2007).

13

14                                      **II.  DISCUSSION**

15    Plaintiff claims that his Eighth Amendment rights have been violated because

16  prison officials are not accommodating his need for a lactose-free and spice-free diet, and

17  because prison officials are not providing adequate medical treatment for spinal bone spurs and

18  low back pain.  Defendants move to dismiss the instant action on exhaustion grounds because

19  plaintiff never properly sought administrative review at the Director's (final) level.  Defendants

20  also argue that plaintiff fails to state a cognizable claim because he has not alleged facts which

21  would show deliberate indifference to his medical needs.  Specifically, defendants argue:

22           Plaintiff's claims cannot be sustained against Defendant Duc
             because Plaintiff merely alleges a difference in medical opinion.
23           As to Defendants O'Brian and Mayfield, Plaintiff fails to allege
             any facts demonstrating these two Defendants were even involved
24           with the provision of his medical treatment, let alone that they were
             deliberately indifferent to his serious medical needs.
25

26  / / /

                                              3

A.     **Exhaustion**

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.  The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules ". . . so that the agency addresses the issues on the merits."   126 S.Ct. 2378, 2385-88 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 2386.  Partial compliance is not enough.  See id.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and

1   Rehabilitation.  A decision at the third formal level, which is also referred to as the director's

2   level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal.

3   Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may

4   summarily reject a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§

5   3084.3(c)(6) and 3084.6(c).  If a group of inmates intend to appeal the same decision or action,

6   one grievance form is used and a list of the participating inmates must be attached.  The list must

7   be legible and state the inmates' names, departmental identification numbers, and housing

8   assignment.  The form must also be signed by all participating inmates.  Currently, California

9   regulations do not contain any provision specifying who must be named in the grievance.

10          In certain circumstances, the regulations make it impossible for the inmate to

11   pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939

12   n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by

13   prison officials as a "staff complaint" and processed through a separate confidential process,

14   prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing

15   Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff

16   complaint."  See id. at 940.  If there are separate claims in the same grievance for which further

17   administrative review could provide relief, prison regulations require that the prisoner be notified

18   that such claims must be appealed separately.  See id. at 939.  The court may presume that the

19   absence of such a notice indicates that the grievance did not present any claims which could be

20   appealed separate from the confidential "staff complaint" process.  See id.

21          Concerning administrative exhaustion, defendants' arguments are limited to

22   plaintiff's claim regarding his back pain and bone spurs.[1]  In particular, defendants argue:

23          Plaintiff filed inmate grievance Log No. 06-00918, on January 31,
       2006, seeking medical treatment for his lower back and bone spurs.
24          (citation to record omitted).  In addition to the inmate grievance attached
       to Plaintiff's Complaint, he also included a letter from the Director's

25

26       [1]     At page 12, line 10, defendants concede plaintiff's diet claim is exhausted.

Level, dated October 11, 2006, that clearly demonstrates his appeal was rejected and returned to him, without receiving a final decision, because Plaintiff failed to follow the proper grievance procedure. (citation to record omitted). Further, the sworn declaration of Chief of the Inmate Appeals Branch, N. Grannis, also shows that Plaintiff never received a Director's Level decision for this grievance. This grievance is the only inmate appeal submitted by Plaintiff regarding medical treatment for his lower back. [¶] Plaintiff never received a Director's Level decision on the issue of medical care for his bone spurs, failing to exhaust his administrative remedies as to this issue.

Plaintiff has attached documents relating to Log No. 06-00918 to his complaint, which the court may consider.  See Lee, 250 F.3d at 688.  These documents reflect that, on June 19, 2006, plaintiff's administrative appeal was partially granted at the first level.  On August 9, 2006, plaintiff's administrative appeal was again partially granted at the second level.  At the final (Director's) level, the appeal was rejected on October 11, 2006, because it was incomplete.  Specifically, plaintiff failed to include page 2 of the second level appeal response.  According to N. Grannis' declaration, plaintiff never re-submitted this appeal to the Director's level.

In his opposition, plaintiff relies on Woodford v. Ngo for the proposition that "C.D.C. refusal to process the late Appeal does not constitute a procedural default prohibiting the prisoner from raising the claim in a federal civil suit."  Plaintiff's reliance on this case is misplaced.  The court notes that plaintiff's third level appeal was rejected because plaintiff did not attach the entire second level decision, not because it was untimely.  In any event, and contrary to plaintiff's assertion, Woodford v. Ngo does in fact require compliance with all procedural requirements which, in this case, include attaching a complete copy of the second level decision.  Finally, based on N. Grannis' declaration, it is clear that plaintiff could have, but did not, re-submitted a complete appeal to the Director's level.  Because plaintiff did not provide the complete copy of the second level decision being appealed at the Director's level, it was impossible for the prison to address the merits of plaintiff's claim, which is the hallmark of administrative exhaustion.  See Woodford, 126 S.Ct. at 2385-88.  The court concludes that plaintiff's failure to properly present his grievance concerning bone spurs and back pain to the

6

1  Director's level renders the claim unexhausted.

2  **B.**    **Failure to State a Claim**

3  As to both claims, defendants allege plaintiff has failed to plead facts sufficient to

4  demonstrate deliberate indifference.  Defendant Duc contends plaintiff cannot state a claim

5  against him because his allegations amount to a difference of medical opinion.  Defendants

6  O'Brian and Mayfield assert plaintiff has not alleged any connection between them and any

7  Eighth Amendment violation.[2]  Plaintiff does not address these arguments in his opposition to

8  defendants' motion.

9  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

10  connection or link between the actions of the named defendants and the alleged deprivations.

11  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

16  conclusory allegations concerning the involvement of official personnel in civil rights violations

17  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

18  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

19  constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

20  The treatment a prisoner receives in prison and the conditions under which the

21  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

22  and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

23  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

24

25    [2]    Because the court concludes that plaintiff's claim concerning bone spurs and low
26  back pain is unexhausted, the court need not consider defendants' argument that plaintiff has
   failed to allege a causal link as to this claim.

1  of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

2  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

3  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

4  "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

5  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

6  when two requirements are met: (1) objectively, the official's act or omission must be so serious

7  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

8  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

9  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

10  official must have a "sufficiently culpable mind."  See id.

11      Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

12  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

13  105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

14  health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

15  sufficiently serious if the failure to treat a prisoner's condition could result in further significant

16  injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d

17  1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

18  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

19  is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

20  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

21  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

22      The requirement of deliberate indifference is less stringent in medical needs cases

23  than in other Eighth Amendment contexts because the responsibility to provide inmates with

24  medical care does not generally conflict with competing penological concerns.  See McGuckin,

25  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

26  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### 1.   Defendant Duc

As to plaintiff's claim regarding a lactose-free and spice-free diet, defendants state:

> In his complaint, Plaintiff describes his problems with lactose intolerance and irritation when he consumes spicy foods.  (citation to complaint omitted).  Plaintiff states that Defendant Duc instructed him to avoid the foods that contain dairy or irritating spices and that it was Plaintiff's responsibility to choose the right foods.  (citation to complaint omitted).  However, Plaintiff disagrees with Defendant Dr. Duc's medical opinion that harm can be averted by electing to eat non-offending foods, and instead believes he should be provided with supplemental food to get the equal portion of food that other inmates receive.  (citation to complaint omitted).

Defendants conclude plaintiff's claim against Duc must fail because it amounts to nothing more than a difference of medical opinion concerning plaintiff's dietary needs.  According to defendants, plaintiff believed he was entitled to a supplementary diet while defendant Duc, in his medical opinion, believed plaintiff need only avoid offending foods.  The court agrees with defendants that plaintiff's claim reflects a difference of opinion and not deliberate indifference with respect to defendant Duc.  Specifically, plaintiff concedes he was seen by Dr. Duc.  Plaintiff alleges: "I was told by Doctor V. Duc to avoid fried and fatty and

spicy foods for the acid reflux, and for lactose intolerant to avoid dairy products which causes bloating, gas, indigestion, and that it was my responsibility to choose the correct foods."  Further, plaintiff clearly states his difference of opinion: "It is custody's responsibility to provide a nourishing meal."  There is no allegation the only meals provided by the prison are spicy and dairy, such that avoiding such foods would amount to a lack of any nourishment.  The difference in opinion does not state a claim under the Eighth Amendment.  See id.

Because the court concludes plaintiff's claim concerning bone spurs and low back pain is unexhausted, the court need not consider defendants' argument that plaintiff has failed to allege a causal link as to this claim.

2. <u>Defendants O'Brian and Mayfield</u>

Defendants argue:

> As to Defendants O'Brian and Mayfield, Plaintiff alleges no facts that demonstrate these Defendants acted with deliberate indifference to his serious medical needs.  The only facts alleged by Plaintiff involving Defendant O'Brian relate to his processing of inmate appeals.  (footnote and citation to complaint omitted).  The only fact involving Defendant Mayfield is that he took Plaintiff to the inmate classification committee where he was either inadvertently or advertently medically unassigned. (citation to complaint omitted).

Citing <u>Mann v. Adams</u>, 855 F.2d 693, 640 (9th Cir. 1988), and <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003), defendants conclude plaintiff's allegations concerning O'Brian fail to state a claim because "[a]s a matter of law, Plaintiff's claim involving the grievance process is not a legitimate claim that is constitutionally protected" and because "prisoners are not entitled to a grievance appeals procedure."

Logically, even if plaintiff's allegations as to defendants O'Brian and Mayfield establish their involvement in an alleged deprivation, plaintiff still cannot state a claim for relief because, as discussed above, the claim amounts to a difference of opinion only.  Thus, regardless of the involvement of defendants O'Brian and Mayfield (if any), the facts alleged cannot make out an Eighth Amendment claim based on plaintiff's dietary needs.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1.      Defendants' motion to dismiss (Doc. 19) be granted;

2.      This action be dismissed; and

3.      The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED: January 16, 2008


                                          _____
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE